[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
This motion to dismiss by defendant Johnson Memorial Hospital claiming lack of personal jurisdiction, dated January 24, 2003 was filed in this court on January 28, 2003, sixty-two days after it filed an appearance, far over the thirty-day limit set forth in Practice Book § 10.30. Defendant claims that its filing of a motion to extend time on November 26, 2002, because it was not opposed by plaintiff effectively extends the time in which to file this motion to dismiss to sixty days, even though the motion to extend was not acted on by the Court. Defendant further claims this motion to dismiss is timely because it was filed within the sixty-day period, but erroneously at the clerk's office in New Britain.
Defendant's arguments are without merit. The time limit for filing a motion to dismiss is mandatory and is not modified by pending motions.Ecsedy v. Jack Tan Village Resorts, JD of Fairfield at Bridgeport,1992 Ct. Sup. 3389 (April 16, 1992, Katz, J.) (6 Conn.L.Rptr. 389);Omega Engineering v. WJMK-TV, Inc., JD of Stamford at Stamford,1994 Ct. Sup. 12788 (December 15, 1999, Karazin, J.) (13 Conn.L.Rptr. 208). Moreover, even if the motion was timely, the claim of lack of personal jurisdiction appears to be unconvincing in view of the fact that all defendants were properly served and it is not seriously contested that the act of negligence complained of occurred in a facility owned or controlled by one of the defendants.
Motion to dismiss is DENIED.
Wagner, JTR CT Page 2668